UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------------------X
GENESIS HR SOLUTIONS, INC.,                      )
                         Plaintiff,              )    Civil Action No.
                                                 )
v.                                               )
                                                 )    COMPLAINT AND DEMAND
KIRT BENNETT and                                 )    FOR JURY TRIAL
DEAN JOHNSON,                                     )
         individually and doing business as      )
         GENESIS EMPLOYEE LEASING,               )
                Defendants.                       )
                                                 )
-----------------------------------------------------------X
```

The plaintiff, Genesis HR Solutions, Inc. ("Genesis"), for its complaint against

the defendants, Kirt Bennett and Dean Johnson, individually and doing business as

Genesis Employee Leasing ("defendants"), states that:

NATURE OF THE ACTION

1.      In this action the plaintiff, Genesis HR Solutions, Inc., seeks to recover

damages and to obtain a preliminary and a permanent injunction against the defendants

for service mark infringement at common law; for the defendants' infringement of the

plaintiff's federally registered service mark under the Lanham Act, 15 U.S.C. § 1114; for

infringement of the plaintiff's trade name; for the defendants' false designation of origin

under the Lanham Act, 15 U.S.C. § 1125 (a); for dilution under Mass. Gen. Laws

ch. 110B, §12; for the defendants' unfair competition; and for unfair and deceptive acts

or practices under M.G.L. ch. 93A, §1, *et seq*.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of the subject matter of this action under 28 U.S.C. §§ 1331, 1367(a), and 1338, the Lanham Act, Title 15 of the United States Code, and principles of supplemental and ancillary jurisdiction.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## THE PARTIES

4.      The plaintiff, Genesis, is a Delaware corporation with a place of business at One Burlington Woods Drive, Suite 203, Burlington, Massachusetts  01803.

5.      On information and belief, the defendant Kirt Bennett ("Bennett"), is an individual residing in Florida with the address 24730 Sandhill Blvd, Punta Gorda, Florida 33983.

6.      On information and belief, the defendant Dean Johnson ("Johnson"), is an individual residing in Florida with the address 3400 Southern Trace, Suite #B, The Villages, Florida  32162.

7.      On information and belief, the defendants Bennett and Johnson do business as "Genesis Employee Leasing."

8.      On information and belief, Genesis Employee Leasing is not an entity separate from Bennett and Johnson; for example, it is not incorporated.

FACTUAL BACKGROUND

The Plaintiff's Rights

9.      Since at least as early as 1992, Genesis has been in the business of administering the employee benefits of employees leased to others, now commonly known as a Professional Employer Organization ("PEO").

10.      Genesis began using "GENESIS" as part of the trade name Genesis Consolidated Services, Inc. in 1992 and continued its use of "GENESIS" when it changed its name to Genesis HR Solutions, Inc. in 2012.  Based on the use of these trade names continuously since 1992, Genesis has used "GENESIS" continuously for over twenty years, both as a service mark for its PEO services and as a consistent component of its trade names.

11.      Genesis is the owner of the U.S. Registration No. 4,448,367 for the service mark  (G GENESISHR SOLUTIONS and design) for services that include employee leasing, employee payroll processing, and administration of employer benefits of employees leased to others and for administration of employer benefits of employees leased to others.  A true and accurate copy of U.S. Registration No. 4,448,367 is attached hereto and made a part hereof as Exhibit "A".

12.      While using Genesis Consolidated Services, Inc., Genesis owned the U.S. Registration No. 2,310,349 for the service mark  (Genesis Consolidated Services, Inc. and design) for administration, as an employer of leased employees, of employer benefits of such leased employees, namely, employee benefit claims, workers compensation benefits, and payroll and tax obligations.

13.     Genesis has widely promoted its services and its GENESISHR SOLUTIONS mark, including on its website accessible at genesishrsolutions.com.

14.     Through extensive use of "GENESIS" as a service mark, as part of trade names, and as part of its web address at www.genesishrsolutions.com throughout the United States including Florida, "GENESIS" has become distinctively connected with Genesis and its PEO services.

15.     As a result of the goodwill and expanding reputation of Genesis HR Solutions, Inc. in providing employee human resources solutions, employers and employees have come to recognize "GENESIS" as indicating the high quality services of Genesis.

16.     Through use and registration of G GenesisHR Solutions and design, Genesis has acquired exclusive rights in the mark for use in connection with its services.

<u>The Defendants' Actions</u>

17.     The defendants Bennett and Johnson, individually and doing business as Genesis Employee Leasing (collectively, "Genesis Employee Leasing"), engage in a business that competes with Genesis.

18.     In mid-November 2015, it came to Genesis's attention that Genesis Employee Leasing is using "GENESIS" with the generic term "Employee Leasing" as the name for their business in Punta Gorda, Florida.

19.     Genesis Employee Leasing is using "Genesis Employee Leasing" as a company name and service mark in connection with employee leasing and associated services, a use that is nearly identical to the PEO services of Genesis.

20.     On information and belief, the defendant Johnson is the owner of the web address www.genesisemployeeleasing.com.

21.     The defendants are using the website accessible at www.genesisemployeeleasing.com to offer its services in violation of Genesis's rights.

22.     The defendants' website is accessible by a user in Massachusetts and a user in Massachusetts is able fill in information on the website to request a free quote. The website provides an opportunity for a client, employee, or broker to log into the website and, on information and belief, permits such login for a client, employee, or broker located in Massachusetts.

23.     These uses by defendants of "Genesis Employee Leasing" will create a likelihood of confusion, mistake, or deception among customers and will lead them to conclude, improperly, that your services are somehow associated with Genesis, or that the services provided by your company have a common origin with the well-known services of Genesis.

24.     The chances of such confusion or mistake are particularly high since Genesis's services and those of defendants are nearly identical.

25.     Genesis has rights in its trade names and service marks have been established since decades before the defendants began their use of "GENESIS" in their corporate identity and as a mark for their services.

## COUNT I

(Infringement of Common Law Trademarks)

26.     Genesis repeats and realleges paragraphs 1 through 25 of this complaint as if they were fully set forth.

27.   The defendants have infringed and are infringing Genesis's common law rights in GENESIS by the defendants' use of Genesis Employee Leasing.

28.   Genesis has been and is being damaged by the defendants' infringement of its common law rights.

29.   Genesis has suffered and will continue to suffer irreparable injury due to the above described activities of the defendants if the defendants are not preliminarily and permanently enjoined.

COUNT II

(Infringement of the Plaintiff's Federally Registered Mark)

30.   Genesis repeats and realleges paragraphs 1 through 29 of this complaint as if they were fully set forth.

31.   The defendants infringed and are infringing upon the Genesis's federally registered service mark  (G GENESISHR SOLUTIONS and design), U.S. Registration No. 4,448,367, in violation of 15 U.S.C. § 1114.

32.   Genesis has been and is being damaged by the defendant's infringement of its federally registered mark.

33.   Genesis has suffered and will continue to suffer irreparable injury due to the above described activities of the defendants if the defendants are not preliminarily and permanently enjoined.

<u>COUNT III</u>

(Trade Name Infringement)

34.     Genesis repeats and realleges paragraph 1 through 33 of this complaint as if they were fully set forth.

35.     The defendant infringed and is infringing the Genesis's trade name Genesis HR Solutions, Inc.

36.     Genesis has been and is being damaged by the defendants' infringement of the Genesis's trade name.

37.     Genesis has suffered and will continue to suffer irreparable injury due to the above described activities of the defendants if the defendants are not preliminarily and permanently enjoined.

<u>COUNT IV</u>

(False Designation of Origin)

38.     Genesis repeats and realleges paragraphs 1 through 37 of this complaint as if they were fully set forth.

39.     The defendants' actions were and are in violation of 15 U.S.C. §1125(a) (Lanham Act § 43(a)), which imposes liability for the use in commerce of any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of a person with another person or as to the origin, sponsorship, or approval of its goods, services, or commercial activities by another person.

40.     Genesis has been and is being damaged as a result of the defendants' violation of 15 U.S.C. § 1125(a).

41.     Genesis has suffered and will continue to suffer irreparable injury due to the above described activities of the defendants if the defendants are not preliminarily and permanently enjoined.

## COUNT V

(Dilution under Mass. Gen. Laws ch. 110B, §12)

42.     Genesis repeats and realleges paragraphs 1 through 41 of this complaint as if they were fully set forth.

43.     The defendants' use of Genesis Employee Leasing in commerce is causing a likelihood of injury to the Genesis's business reputation and of dilution of the distinctive quality of its GENESISHR SOLUTIONS service mark.

44.     By reason of the foregoing, Genesis is entitled to relief under Mass. Gen. Laws ch. 110B, §12.

## COUNT VI

(Unfair Competition)

45.     Genesis repeats and realleges paragraphs 1 through 44 of this complaint as if they were fully set forth.

46.     The defendants' website page constitutes misleading advertising in promotion of the defendants' business because it is likely to confuse and deceive members of the purchasing public.  By virtue of the defendants' conduct, the defendants have engaged in unfair competition in violation of common law of the Commonwealth of Massachusetts.

47.     As a result of the defendants' conduct, the defendants have caused, and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to the public and to Genesis.

48.     Genesis has no adequate remedy at law.

COUNT VII

(Massachusetts General Laws ch. 93A)

49.     Genesis repeats and realleges paragraphs 1 through 48 of this complaint as if they were fully set forth.

50.     The conduct of the defendants constitutes unfair methods of competition or unfair or deceptive acts and practices in the conduct of a trade or business in violation of Massachusetts General Laws ch. 93A, §2, and regulations promulgated thereunder.

51.     The conduct of the defendants was and is willful or knowing and in violation of Massachusetts General Laws ch. 93A, §2, and the regulations promulgated thereunder.

52.     As a direct and proximate result of the conduct of the defendants in violation of M.G.L. ch. 93A, §2, its unfair and deceptive acts and practices, and its willful or knowing violations of M.G.L. ch. 93A, §2, and the regulations promulgated thereunder, Genesis has been and is being severely damaged.

53.     As a result, the defendants' conduct is primarily and substantially in the Commonwealth of Massachusetts pursuant to ch. 93A §2.

WHEREFORE, the plaintiff, Genesis HR Solutions, Inc., demands judgment:

A.      Preliminarily and permanently enjoining the defendants, Kirt Bennett and Dean Johnson, individually and d/b/a Genesis Employee Leasing from using "Genesis

Employee Leasing" or any term incorporating "Genesis," or any confusingly similar term in any trade name, service mark, trademark, domain name, metatag, or any other use to promote goods or services;

      B.      Preliminarily and permanently enjoining the defendants, Kirt Bennett and Dean Johnson, individually and d/b/a Genesis Employee Leasing from diluting the distinctive quality of the Genesis's G GENESISHR SOLUTIONS and design mark;

      C.      Preliminarily and permanently enjoining the defendants from engaging in unfair methods of competition with Genesis;

      D.      Determining and awarding Genesis its damages resulting from the defendants' infringement of its common law service mark rights, as alleged in Count I of the complaint, plus interest, costs, and attorneys' fees;

      E.      Determining and awarding Genesis its damages resulting from the defendants' infringement of its federally registered service mark, as alleged in Count II of the complaint, plus interest, costs, and attorneys' fees;

      F.      Determining and awarding Genesis its damages resulting from the defendants' of its trade name, as alleged in Count III of the complaint, plus interest, costs, and attorneys' fees;

      G.      Determining and awarding Genesis its damages resulting from the defendants' violation of 15 U.S.C. § 1125(a), as alleged in Count IV of the complaint, plus interest, costs, and attorneys' fees;

      H.      Determining and awarding Genesis damages from the defendants' violation of Mass. Gen. Laws ch. 110B, §12, as alleged in Count V of the complaint;

I.      Determining and awarding Genesis its damages resulting from the defendants' unfair competition with Genesis, as alleged in Count VI of the complaint, plus interest, costs, and attorneys' fees;

J.      Entering judgment that the defendants have committed unfair and deceptive acts or practices declared unlawful under Massachusetts General Laws ch. 93A as alleged in Count VII;

K.      Determining and awarding Genesis its damages resulting from the defendants' violation of Massachusetts General Laws ch. 93A, as alleged in Count VII of the complaint, plus interest, costs, and attorneys' fees;

L.      Determining that the defendants violated Massachusetts General Laws ch. 93A, §2, as alleged in Count VII, that the damages be trebled pursuant to Massachusetts General Laws ch. 93A, §11, and that Genesis be awarded its attorneys' fees in connection with this action;

M.      Preliminarily and permanently enjoining the defendants from engaging in unfair and deceptive acts in violation of Massachusetts General Laws ch. 93A as alleged in Count VII; and

N.      Granting such other and further relief as this Court may deem just and proper.

THE PLAINTIFF DEMANDS A TRIAL BY JURY.

Genesis HR Solutions, Inc.
By its attorneys,


/s/    Susan G. L. Glovsky
Susan G. L. Glovsky BBO# 195880
susan.glovsky@hbsr.com
John L. DuPré  BBO# 549659
john.dupre@hbsr.com
Hamilton, Brook, Smith & Reynolds, P.C.
155 Seaport Blvd.
Boston, Massachusetts  02210
Telephone:  617-607-5900
Fax:  978-341-0136

Dated: November 30, 2015

2268721.v1